IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WEB 2.0 TECHNOLOGIES LLC,**<br><br>　　　**Plaintiff,**<br><br>　　v.<br><br>**MANGO TECHNOLOGIES, INC., D/B/A CLICKUP,**<br><br>　　　**Defendant.** | Civil Action No. _____<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Web 2.0 Technologies, LLC ("Web 2.0 Technologies" or "Plaintiff") files this Complaint against Mango Technologies, Inc., d/b/a ClickUp ("Defendant" or "ClickUp"), seeking damages and other relief for patent infringement, and alleges with knowledge to its own acts, and on information and belief as to other matters, as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

**THE PARTIES**

2. Plaintiff Web 2.0 Technologies LLC ("Web 2.0 Technologies") is a Texas limited liability corporation with its principal place of business at 5900 Balcones Dr., Ste 100, Austin, TX 78731-4298.

3. Plaintiff Web 2.0 Technologies is the owner by assignment of 100% interest in the Asserted Patents.

4. On information and belief, Defendant Mango Technologies, Inc., d/b/a ClickUp ("ClickUp") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 350 Tenth Ave, Suite 500, San Diego, CA 92101. ClickUp may be served with process through its California registered agent (Derek Dahlin 350 Tenth Ave, Suite 500 San Dieego, CA 92101) or its Delaware registered agent (Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808).

## JURISDICTION AND VENUE

5. This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Defendant ClickUp is subject to this Court's general personal jurisdiction. Defendant Mango Technologies, Inc., d/b/a ClickUp is a Delaware Corporation. *See Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 760 (2014) ([T]he place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction") (internal citations omitted).

8. Defendant ClickUp is subject to this Court's general and specific personal jurisdiction because ClickUp has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Delaware Long Arm Statute, Del. Code. Ann. Tit. 3, § 3104. On information and belief, Defendant ClickUp contracted with one or more Delaware residents in this District and one or both parties performed the contract at least in part in the State of Delaware and this District; ClickUp committed the tort of patent infringement in the State of Delaware and this District; ClickUp purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District; ClickUp regularly conducts and solicits business within the State of Delaware and within this District; Plaintiff's causes of action arise directly from ClickUp's business contacts and other activities in the State of Delaware and this District; and ClickUp distributes, makes available, imports, sells and offers to sell products

and services throughout the United States, including in this judicial District, and introduces infringing products and services that into the stream of commerce knowing that they would be used and sold in this judicial district and elsewhere in the United States.

9. On information and belief, Defendant ClickUp designs, develops, sells, offers to sell, and/or imports products, devices, systems, and/or components of systems through certain accused instrumentalities that either infringe or support the infringement of the patents asserted in this action.

10. On information and belief, ClickUp sells and offers to sell products and services throughout the United States and in Delaware, including in this District, through the accused instrumentalities, through its website accessible in the United States, and in concert and partnership with third parties.

11. Furthermore, personal jurisdiction over ClickUp in this action comports with due process. ClickUp has conducted and regularly conducts business within the United States and this District. ClickUp has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in the State of Delaware and this District. ClickUp has sought protection and benefit from the laws of the State of Delaware by making available products and services that infringe the Asserted Patents with the awareness and/or intent that they will be used (or visited) by consumers in this District. Having purposefully availed itself of the privilege of conducting business within this District, ClickUp should reasonably and fairly anticipate being brought into court here.

12. Venue is proper in this judicial district under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b). On information and belief, ClickUp's acts of infringement have taken place within this District..

13. Additionally, ClickUp —directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—ships, distributes, offers for sale, and/or sells its products and services in the United States and this District. ClickUp has purposefully and voluntarily placed one or more of its products into the stream of

commerce through the accused instrumentalities that infringe the patents asserted in this action with the awareness and/or intent that they will be purchased by consumers in this District. ClickUp knowingly and purposefully delivers infringing products into, and within, this District. These infringing products have been, and continue to be, purchased by consumers and businesses in this District.

## THE ASSERTED PATENTS

14. On March 13, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6.845,448 B1 ("the '448 Patent"), entitled "Online Repository for Personal Information."  A copy of the '448 Patent is attached hereto as Exhibit 1.

15. Plaintiff owns all substantial right, title, and interest in the '448 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

16. On February 14, 2012, the USPTO duly and legally issued U.S. Patent No. 8,117,644 ("the '644 Patent"), entitled "Method and System for Online Document Collaboration."  A copy of the '644 Patent is attached hereto as Exhibit 2.

17. Plaintiff owns all substantial right, title, and interest in the '644 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 6,845,448

18. Plaintiff incorporates and realleges the preceding paragraphs as if fully set forth herein.

19. The '448 Patent is directed to a method and system for gathering, storing personal information on a server computer and releasing such information to authorized requesters, as described and claimed in the '448 Patent.

20. Defendant has had actual knowledge of the '448 Patent and that its activities constitute infringement of the same at least since on or about June 15, 2021—the date on which Defendant received notice from Plaintiffs that such activities infringed the '448 Patent.

21. Defendant has and continues to directly and jointly infringe at least Claim 1 of the '448 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. §

271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, software applications to provide a method for automatically sharing portions of personal information with customers, users and members via products offered by ClickUp, including ClickUp's platform "[o]ne app to replace them all"—including but not limited to its constituent "tasks", "docs," and "whiteboard" functionality and content offered for sale and use via https://clickup.com (hereinafter, the "'448 Accused Instrumentalities"), as shown below.

22. For example, the '448 Accused Instrumentalities establishes an account for all users—including the first party—on ClickUp's server computer, as shown below:



*See, e.g.,* https://clickup.com/pricing (last visited Jan. 18, 2023).



*See, e.g.,* https://app.clickup.com/signup (last visited Jan. 12, 2023).

23. The '448 Accused Instrumentalities assign an identifier (user ID, name, email) for all users—including the first party—as shown below:



*See, e.g.*, https://help.clickup.com/hc/en-us/articles/6308956833175-Profiles-overview (last visited, Jan. 18, 2023).



*See, e.g.*, https://clickup.com/api/clickupreference/operation/GetAuthorizedUser/ (last visited, Jan. 11, 2023).

- 6 -

24. The '448 Accused Instrumentalities allow the entering of the first party's information including a plurality of information objects—including the first party's personal information such as name, email address, photo, location, when they were last logged into the ClickUp platform and "detailed information about what each person is working on." *See*, https://help.clickup.com/hc/en-us/articles/6308956833175-Profiles-overview#how-to-use-profiles (last visited, Jan. 18, 2023).

**Explore Profile sections**

There are four sections that provide you with detailed information about what each person is working on.

- Activity
- My Work
- Assigned
- Calendar

*See e.g.,* https://help.clickup.com/hc/en-us/articles/6308956833175-Profiles-overview#how-to-use-profiles (last visited, Jan. 18, 2023).

25. In the '448 Accused Instrumentalities, sets access permissions enabling the first party to control who has access to Workspace and whether—once granted access—what they can do to any particular information object.

**Share Spaces, Folders, Lists, and tasks**

You can share Spaces, Folders, Lists, and tasks with users in your Workspace.

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/6309239460119-Sharing-overview (last visited, Jan. 18, 2023).

**What are permissions?**

Permission settings let you decide what people can (and can't) do inside of ClickUp.

Permissions may be set for **anyone** including both Guests and Members. They can be set for Folders, Lists, tasks, views, Docs, Dashboards, and Goals.

Spaces, however, do not have permission settings.

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/6309221065495-Permissions-in-detail (last

visited, Jan. 18, 2023).

> **Available permissions**
>
> Permissions available will vary depending on the item, location, view, and user role.

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/6309221065495-Permissions-in-detail (last visited, Jan. 18, 2023). Additionally, '448 Accused Instrumentalities enable setting "granular permissions and security settings" where the second party will see only the contents visible in the specified view, and not any other information objects.

> **Configure advanced permissions**
>
> Limit what different user roles can do in your Workspace. Set granular permissions and security settings for guests, members, admins, and custom roles.

*See e.g.*, https://help.clickup.com/hc/en-us/articles/6309213140375-Configure-advanced-permissions (last visited Jan. 18, 2023).

   26. The '448 Accused Instrumentalities store in ClickUp database the first party identifier (user ID), and the associated permissions (security level) including the first party's organization roles and project access assigned to each information object, as shown below:

> **What you'll need**
>
> - Spaces, Folders, Lists, and tasks can be made private on all plans.
> - Private Spaces, Folders, Lists, and tasks can be shared with specific users or Teams.
> - Members can make an item private if they created it.
> - Guests cannot edit privacy settings.
> - Understand what happens when a user leaves a Workspace.

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/7255448709655-Make-Spaces-Folders-Lists-and-tasks-private (last visited, Jan. 18, 2023) (ClickUp enables sharing specific objects with particular users or Teams).



*See, e.g.,* https://clickup.com/api/clickupreference/operation/GetAuthorizedUser/ (last visited, Jan. 18, 2023) (the ClickUp API indicates that ClickUp tracks "authenticated users" and their account details).

27. The '448 Accused Instrumentalities receive a request, said request comprising at least the first party identifier. For example, the '448 Accused Instrumentalities receive a request to view a specific report based on the first party identifier "@Sam."



*See, e.g.*, https://help.clickup.com/hc/en-us/articles/6308956833175-Profiles-overview (last visited, Jan. 18, 2023).

28. In response to the request to the view the profile for "@Sam," the '448 Accused Instrumentalities selects, transmits, and displays the first party's personal information objects to the second party.

*See e.g.,* https://help.clickup.com/hc/en-us/articles/6308956833175-Profiles-overview (last visited Jan. 18, 2023)

29. In response to the request for "@Sam's" profile, the '448 Accused Instrumentalities selects, transmits, and displays the first party's personal information objects to the second party.



*See e.g.,* https://help.clickup.com/hc/en-us/articles/6308956833175-Profiles-overview#h_796b65ee53 (last visited Jan. 18, 2023).

30. The '448 Accused Instrumentalities securely transmit the retrieved first portion of personal information objects to the second party using TLS encryption.

- 10 -

> **Application Security**
>
> All ClickUp web application communications are encrypted over TLS 1.2, which cannot be viewed by a third party. This is the same level of encryption used by banks and financial institutions.

*See, e.g.*, https://help.clickup.com/hc/en-us/articles/6327713963031-Security-Privacy (last visited, January 18, 2023).

31. To enable user permissions, the '448 Accused Instrumentalities obtain the second party identifier to determine whether the user has access to particular sets of data.

> You can allow specific users to access information in your Workspace by customizing Space, Folder, List, or task privacy.

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/7255448709655-Make-Spaces-Folders-Lists-and-tasks-private (last visited, Jan. 18, 2023).

32. On information and belief, the '448 Accused Instrumentalities record all internal systems access, including any failed authentication attempts.

> **Authentication**
>
> In order to use the ClickUp API, you'll need to authenticate every request.

*See, e.g.*, https://clickup.com/api/developer-portal/authentication/ (last visited, Jan. 18 2023) (showing the ClickUp system requires every user request be authorized).

33. To enable user permissions discussed *supra*, the '448 Accused Instrumentalities must reject the second party's request for information where the second party is not authorized.

34. Attached hereto as Exhibit 3, and incorporated by reference herein, is a claim chart detailing how the '448 Accused Instrumentalities satisfy each element of at least independent claim 1 of the '448 patent, literally or under the doctrine of equivalents.

35. Discovery is expected to uncover the full extent of Defendant's infringement of the '448 Patent beyond the '448 Accused Instrumentalities already identified through public information.

36. Defendant has directly and jointly infringed the '448 Patent and is thus liable for direct and joint infringement of the '448 Patent pursuant to 35 U.S.C. § 271.

37. Plaintiff has suffered, and continue to suffer, damages as a result of Defendant's infringement of the '448 Patent.

38. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case. Plaintiff shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the '448 Accused Instrumentalities infringe the '448 Patent. Plaintiff intends only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 8,117,644

39. Plaintiff incorporates and realleges the preceding paragraphs as if fully set forth herein.

40. The '644 Patent is directed to method and system for online document collaboration, as described and claimed in the '644 Patent.

41. Defendant has had actual knowledge of the '644 Patent and that its activities constitute infringement of the same at least since on or about June 15, 2021—the date on which Defendant received notice from Plaintiffs that such activities infringed the '644 Patent.

42. Defendant has and continues to directly and jointly infringe at least Claim 1 of the '644 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, making, using, selling, offering to sell, and/or importing in or into the United States, without authority, software applications that facilitate secure collaboration on editing, viewing and sharing documents online with multiple parties, including, without limitation, collaboration products such as ClickUp, including ClickUp's platform "[o]ne app to replace them all"—including but not limited to its constituent "tasks", "docs," and "whiteboard" functionality and content offered for sale and use via https://clickup.com (hereinafter, the "'644 Accused Instrumentalities"), as shown below:



# Instant and Live Collaboration

*See e.g.,* https://clickup.com/features/collaboration-detection (last visited Jan. 18, 2023).

   43. The '644 Accused Instrumentalities allows for multiple users to establish an account on its website over the internet. For example, a ClickUp user can collaborate with multiple users, each with an account on ClickUp's server(s).



*See, e.g.,* https://clickup.com/pricing (last visited Jan. 18, 2023).



*See, e.g.,* https://app.clickup.com/signup (last visited Jan. 12, 2023).

44.     The '644 Accused Instrumentalities allows for a ("first user") to create and store multiple "Workspaces," each with constituent component documents, such as "Spaces," "whiteboards," "docs," "dashboards," and "chats" on the ClickUp server.

### Create a new Workspace

Workspaces are at the highest level of the ClickUp Hierarchy. Spaces, Folders, Lists, and tasks all live within a Workspace. You can create or be part of as many Workspaces as you want, and switch between them using the avatar menu.

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/6310502590487-Create-a-new-Workspace (last visited, January 18, 2023).



*See, e.g.,* https://clickup.com/features/collaboration-detection (last visited, January 18, 2023) (showing default product component documents).

45.     The '644 Accused Instrumentalities associates a set of access restrictions with the document, including an ability to access the document by modification by one of a first group of users. For example, the ClickUp platform sets access permissions enabling the first party to control who has access to Workspace and whether—once granted access—what they can do to any particular information object.

> ### Share Spaces, Folders, Lists, and tasks
>
> You can share Spaces, Folders, Lists, and tasks with users in your Workspace.

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/6309239460119-Sharing-overview (last visited, Jan. 18, 2023).

> ## What are permissions?
>
> Permission settings let you decide what people can (and can't) do inside of ClickUp.
>
> Permissions may be set for **anyone** including both Guests and Members. They can be set for Folders, Lists, tasks, views, Docs, Dashboards, and Goals.
>
> Spaces, however, do not have permission settings.

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/6309221065495-Permissions-in-detail (last visited, Jan. 18, 2023).

> ## Available permissions
>
> Permissions available will vary depending on the item, location, view, and user role.

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/6309221065495-Permissions-in-detail (last visited, Jan. 18, 2023).

46.    The '644 Accused Instrumentalities allows a second user to request to modify the document, whether the document(s) in question are a "campfire," "message board," "hill chart," "schedule," or a "report."  For example, a once a ClickUp user has been granted access to a Workspace, they may request to modify its constituent documents based upon their permissions level.

#### How do Permissions work?

Permissions give you complete control over what people can do with the things you've shared with them!

Members and guests will get permissions based on the item and its location.

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/6309196651543-How-do-Permissions-work- (last visited, Jan. 18, 2023).

47. In each case, the user must log into the ClickUp server using their identification information, which accompanies their request to modify the document.



*See, e.g.,* https://app.clickup.com/signup (last visited Jan. 18, 2023).

48. The '644 Accused Instrumentalities verifies the identity of the second user by use of a unique user name, as well as forms-based authentication (username and password). *See supra* (showing login form).

#### View members and guests

See which members and guests have been invited and joined your Workspace.

1. Click your Workspace avatar in the lower-left corner
2. Select **People**
3. Find specific members or guests using the options available:

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/6310540689047-See-who-has-access-to-your-Workspace (last visited Jan. 18 2023) (showing that ClickUp tracks and verifies which users have access to the Workspace).

49. The '644 Accused Instrumentalities has highly customizable permissions whereby the platform permits the second user to modify the document based upon their individual access rights.

### Permissions overview

If you want to limit who can update or comment on tasks, Docs, Lists, or Folders, you can use permission settings. You can set permissions for both individual people and Teams.

To keep sensitive items confidential, you can make them private, then invite and set permissions to whoever needs access. For example, your accounting department could create a private Folder called Payroll, then share the Folder with only the @payroll Team.

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/6309225399703-Permissions-overview (last visited, Jan. 18, 2023).

50. ClickUp enables four permission levels for users granted access to a Workspace—"View only," "Comment," "Edit," and "Full." Each permission level has increasing abilities to modify the document.

### Permission levels

There are four permission levels available for people in your Workspace:

- **View only:** Gives the user read-only access to an item.
- **Comment:** Gives the user the ability to add and reply to comments on an item.
- **Edit:** Gives the user the ability to make changes to an item, including sharing it with others. The user isn't able to delete the item.
- **Full:** Gives the user the ability to create, edit, share, and delete items.

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/6309225399703-Permissions-overview (last visited, Jan. 18, 2023).

51. The '644 Accused Instrumentalities permits receiving "approval or disapproval" for modifications. ClickUp's built-in version control enables receiving approval or disapproval for the modifications from one or more users.

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/6328174371351-Docs-overview#h_cb268d5e36 (last visited, Jan. 18, 2022).

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/6334285608215-Release-2-23 (last visited, Jan. 18, 2022).

52. The '644 Accused Instrumentalities, stores the identifying information of one or more users who approved or disapproved of modifications to the document. ClickUp's built-in revision control enables stores identifying information of users who edited or revised the document, including approving or disapproving of any such modifications.

*See, e.g.,* https://help.clickup.com/hc/en-us/articles/6328174371351-Docs-overview#h_cb268d5e36 (last visited, Jan. 18, 2022).

53. Attached hereto as Exhibit 4, and incorporated by reference herein, is a claim chart detailing how the '644 Accused Instrumentalities satisfy each element of at least independent claim 1 of the '644 patent, literally or under the doctrine of equivalents.

54. Discovery is expected to uncover the full extent of Defendant's infringement of the '644 Patent beyond the '644 Accused Instrumentalities already identified through public information.

55. Defendant has directly and jointly infringed the '644 Patent and is thus liable for direct and joint infringement of the '644 Patent pursuant to 35 U.S.C. § 271.

56. Plaintiff has suffered, and continues to suffer, damages as a result of Defendant's infringement of the '644 Patent.

57. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case. Plaintiff shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the '644 Accused Instrumentalities infringe the '644 Patent. Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

a. A judgment that Defendant has directly and jointly infringed one or more claims of each of the Asserted Patents;

b. A judgment awarding Plaintiff all damages adequate to compensate for Defendant's infringement, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

  c. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees.

  d. A judgment awarding Plaintiff such other relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of this action.

Dated: January 27, 2023

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin
tdevlin@devlinlawfirm.com
1526 Gilpin Ave.
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff,*
*Web 2.0 Technologies, LLC*